[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-5158

_____

D. C. Docket No. 95-632-CV-KMM

HUSEYIN AKSOY,

Plaintiff-Appellant,

versus

APOLLO SHIP CHANDLERS, INC., OCEAN SHIP
SERVICES LIMITED,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 27, 1998)**

Before COX and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Huseyin Aksoy ("Aksoy") appeals the district court's grant of summary judgment in favor of Apollo Ship Chandlers, Inc. and Ocean Ship services, Ltd. ("Apollo"). We vacate and remand.

## I. *BACKGROUND*

Aksoy is a seaman and was employed by Apollo as an assistant wine steward aboard one of its vessels. Aksoy signed an employment contract with Apollo, which provided in pertinent part:

> As a "Tipping Employee" the Employer guarantees you a total monthly income inclusive of gratuities of $ 503 (as per contract wages, $ 155 which include basic wages, . . . gratuities guarantee $ 348), while the vessel is sailing with passengers.

(R.1-73-Ex. A).

Aksoy claims that as a wine steward, he actually received tips amounting to approximately $ 300 a week. Aksoy became ill during his employment and was unable to work. Apollo paid Aksoy $251.50 to cover unearned wages from February 16, 1995 through February 28, 1995; this amount included $ 174 for guaranteed minimum tips.

Aksoy subsequently commenced a class action against Apollo seeking maintenance and cure on behalf of all similarly situated tip-earning seamen who became ill or injured on the job and did not receive reasonably anticipated tips or, alternatively, monthly guaranteed tips as part of their unearned sick wages. Aksoy

does not dispute that Apollo paid him fixed wages plus an amount equal to the minimum tips guaranteed by his contract. Rather, Aksoy contends that Apollo should have paid him his estimated actual earnings as unearned wages, citing this court's decision in Flores v. Carnival Cruise Lines, 47 F.3d 1120 (11th Cir. 1995), in support of his argument. Apollo contends that because Aksoy received the amounts set out in his contract, Aksoy was paid all the tips to which he was entitled, asserting that Flores does not command a different result.

The district court, without certifying a class, granted summary judgment in favor of Apollo. The district court reasoned that this court's holding in Flores does not mandate that Aksoy receive his estimated actual earnings rather than the guaranteed minimum under the contract. The district court distinguished Flores, noting that the Flores court employed the actual-earning method of calculating tips specifically because in that case, unearned tips were not predetermined or paid by the employer. In contrast, Aksoy's unearned tips were predetermined under the contract. Therefore, because Askoy undisputedly received the amount guaranteed under the contract, the district court concluded that Apollo was entitled to summary judgment.

## II. *STANDARD OF REVIEW*

We review *de novo* the district court's grant of summary judgment and consider all evidence in the light most favorable to the non-moving party. See Flores v. Carnival, 47 F.3d 1120, 1122 (11th Cir. 1995).

## III. *DISCUSSION*

In Flores, this court addressed whether a sick or injured seaman whose income consisted mainly of tips may recover lost tip income in an action for maintenance and cure. See id. at 1121. In Flores, the employment contract promised both a monthly salary and, in addition, "'daily tips for your services . . . you may expect to go as high as $1000.00 a month.'" Id. Flores fell ill and received unearned wages in an amount equal to the lowest paid non-gratuity-earning crew member. Carnival maintained that it had no legal duty to pay Flores anything more than his salary under the contract, $ 45 per month. See id. at 1121-22.

This court reversed the district court's grant of summary judgment for Carnival, holding that Flores was entitled to recover his average tip earnings as unearned wages. See id. at 1122, 1127. In determining the appropriate method for calculating Flores's wages remedy, the court considered the purposes and policy underlying the remedy, the decisions of courts considering similar questions under workers' compensation law, and the actual wording of Flores's contract. See id. at 1122. The court explained

4

that the right to maintenance and cure differs from traditional contract rights; thus, the remedies available are not limited to contractual remedies.  See id. at 1126.  Noting that the bulk of Flores's compensation came from tips rather than the monthly salary promised in the contract and that an action for maintenance and cure is designed to put the employee in the position he would have been in had he continued to work, the court concluded that Flores was entitled to unearned wages in the amount of his average weekly tips.  See id. at 1127.

Applying the principles espoused in Flores to the facts of the instant case, we conclude that Aksoy's unearned wages should be measured by the amount of his average weekly tips rather than the minimum amount guaranteed in the contract. Like the situation in Flores, the "custom and practice" and the expectation of the parties was that tip income would constitute a substantial portion of Aksoy's compensation.  Moreover, the only way to place Aksoy in the same position he would have been in had he continued to work is to allow Aksoy to recover wages in the amount that he would have earned during the period of time he was ill.

Apollo urges us to distinguish Flores, arguing that the Flores court employed the "average weekly tips" method for determining Flores's unearned wages specifically because Flores's contract did not set a rate for unearned tips and because unearned tips were not paid by the employer; here, by contrast, the actual language of

5

Aksoy's contract set out an amount of unearned wages that Apollo undisputedly paid. We decline to distinguish <u>Flores</u> on those grounds. The language in Aksoy's contract did not purport to place a limit on the amount of unearned wages Aksoy was entitled to receive; it merely guaranteed that he would receive, at a minimum, the amount stated in the contract. We therefore need not decide whether the right to unearned wages may be modified by contract and to what extent, if any, the <u>Flores</u> method of determining unearned wages applies in such cases. Here, Aksoy's contract neither estimated the tips he would receive nor purported to place a ceiling on the unearned wages to which he was entitled.

## IV. *CONCLUSION*

For these reasons, we conclude that the district court erred in granting summary judgment for Apollo. We therefore vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.